YA–LING CHEN, Petitioner,

v.

Alberto R. GONZALES,[1] Attorney General, Respondent.

No. 03–40234–ag.

United States Court of Appeals, Second Circuit.

Sept. 29, 2006.

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Joan Xie, New York, New York, for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Janice V. Terbush, Assistant United States Attorney, Detroit, MI, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ya–Ling Chen, a native and citizen of the People's Republic of China, seeks review of a June 24, 2003 order of the BIA affirming the March 8, 2002 decision of Immigration Judge ("IJ") Miriam K. Mills denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ya Lin Chen,* No. A 78 066 322 (B.I.A. June 24, 2003), *aff'g* No. A 78 066 322 (Immig. Ct. N.Y. City Mar. 8, 2002).

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard.

The IJ held that Li has no standing to apply for asylum based on the harm her mother suffered under the coercive family planning policy. Chen does not seem to challenge this finding.

Furthermore, although the IJ failed explicitly to consider the totality of the circumstances and failed to establish a legal ground for her conclusion or explain the reasoning behind it, Chen does not point out which circumstances were not considered that should have been. Chen also

failed to present this Court, or the BIA, with any persuasive argument for why the harm she suffered should be considered persecution.

Here, Chen claims her freedom is threatened because she expressed an opinion critical of the government. Chen claims that her opposition to the government was motivated by the brutality towards her family, and that her opinion should be construed as a political opinion. Chen further claims that the IJ erred because her decision provided no analysis of her claim and simply concluded that there was no nexus shown between the Chinese government's action of which she complains and a legal basis for asylum. Chen's criticism may have been political as she was critical of endemic government corruption in that she stated that "there is no justice in China, all Chinese officers protect each other for their crime and shield each other." *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005). Therefore, the IJ erred in holding, without any analysis, that there was no such nexus shown. The question still remains whether the response of the officials—declaring that Chen was ruining the government's reputation, and threatening to arrest her—was sufficient to establish that Chen has a well-founded fear of future persecution based on her political opinion. However, because the agency has not yet addressed this question in the first instance, remand is the appropriate course here. *See Gonzales v. Thomas,* —— U.S. ——, 126 S.Ct. 1613, 1615, 164 L.Ed.2d 358 (U.S.2006).

Chen also argues, for the first time, that her blood bond with her family and her membership in this "overbirth family" constitute a social group. As the government argues, however, Chen failed to exhaust this issue before the BIA. We will therefore not consider it. *See Foster v. INS,* 376 F.3d 75,77–78 (2d Cir.2004); *cf. Zhong v. U.S. Dep't of Justice,* 461 F.3d 101, 120–21 (2d Cir.2006) (holding that issue exhaustion is not jurisdictional, and thus waivable).

The IJ did not address whether Chen had established a well-founded fear of arrest on account of her political opinion or because she left China without permission, as she alleges in her application. Chen testified that her mother told her the police went to her house after she spoke out against the government, and that she left China because officials wanted to arrest her because she tarnished the reputation of the Chinese government. While the issue of Chen's well-founded fear may not have been exhausted—it is only mentioned in Chen's brief to this Court—this Court remands on this issue because it is not clear that the IJ ruled on the well-founded fear issue and because the dispositive issue in this case was whether there was a nexus between government behavior and a basis for Chen's claim, and the IJ erred in determining there was no such nexus. *See Zhong,* 461 F.3d at 120–21. Accordingly, the agency should consider issues relating to Chen's well-found fear when it considers the nexus issues.

Additionally, Chen argues that the IJ erred in holding that her mother appeared in court but did not testify because it was her aunt who appeared in court. This misidentification is not an error that requires remand, not only because Chen did not challenge the mistake at the time of the hearing, but also because the IJ did not rely on the mistake as a basis for her decision.

Because the petitioner has failed to male a substantial argument with regard to withholding of removal and CAT before this Court, we deem any such arguments waived. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is GRANTED, the decision of

the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this decision, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).